### No. 23,569.

HUGH R. KAUTZ, *Appellant,* v. JOHN SHRIMPLIN, *Appellee.*

#### SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Lease—Possession to Be Surrendered in Case of Sale—Action in Ejectment—Damages for Detention.* The plaintiff claimed to have rented a farm to the defendant, the contract being that in case of sale during the term or ninety days before the end of any current year he was to notify the defendant who was to surrender possession the next March and be paid for any seeding or plowing he had done before receiving such notice. He alleged such sale and notice, demand for statement of any claim for seeding or plowing and the defendant's failure to make claim and refusal to surrender possession. In a second cause of action he alleged a rental value of sixty dollars a month and asked judgment therefor "by reason of said defendant having retained possession of said land." He added a third cause and alleged damages by reason of the detention and asked judgment for $1,000 in addition to the monthly rental of sixty dollars. The answer was a general denial. Before trial was had the proceeds of the wheat crop raised during the current year were ordered paid into court. Judgment was afterwards recovered for possession, and $500 for damages. Instead of appealing ·from the judgment the plaintiff moved that the proceeds of the wheat crop be paid to him. *Held,* the trial court properly denied such motion.

Appeal from Osage district court; ROBERT C. HEIZER, judge. Opinion filed March 11, 1922. Affirmed.

*C. G. Messerley,* of Osage City, and *D. E. Adams,* of Hamilton, Mo., for the appellant.

*A. B. Crum,* of Lyndon, *James B. Wood,* and *J. P. McLaughlin,* both of Osage City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued for possession of a quarter section of land and damages for its detention. He alleged that he had leased it to the defendant for three years to end March 1, 1920, six hundred dollars for the first year, and five hundred for each of the other years; that the contract provided in the event he sold the land during the term or ninety days before the end of any current year, the defendant should receive notice of such sale ninety days before the end of any such current year, and should surrender possession the next March, and if he had done any seeding or plowing theretofore the plaintiff would stand indebted to him for such seed and plowing prior to the time he had been notified that the land had been sold. It was further alleged that the plaintiff sold the land July 6, 1918, and on the 25th of August thereafter served the defendant with notice thereof in writing to abandon possession of the land on March 1, 1919; that at different times before March 1, 1919, he requested a statement from the defendant of any claim he had for seed or plowing before receiving notice, and received none.

The answer was a general denial.

At the June term of the district court the plaintiff applied for a receiver to take charge of the wheat crop which the defendant had sown on the land in 1918, after having been notified of the sale. By agreement the court ordered the defendant to harvest and market the wheat and pay the proceeds into the court, less the cost.

At the November term, 1919, the plaintiff recovered judgment for possession of the land and five hundred dollars damages. The defendant had not filed his report as receiver.

After the judgment had been rendered the plaintiff filed a motion that the defendant be required to pay over to him the proceeds of the sale of the wheat. This motion was denied, and the money was ordered paid to the defendant, and from this ruling this appeal is taken. There was no appeal from the judgment in the action.

The plaintiff contends that having recovered judgment for possession as well as damages, he was entitled to possession March 1, 1919, and to everything on the land at the time which included the wheat crop. Authorities are cited on the proposition that the tenant who sows and knows that his term does not continue until reaping time

does so at his peril. Counsel in their brief say that in November, 1919, when the case was tried, the defendant had deprived the plaintiff of the use of the land, and for all practical purposes the trial might as well have been had on the last day of February, 1920; that the year was lost to the plaintiff, and the five hundred dollars damages would have been only what he would have been entitled to if there had been no crop on the land; that if the defendant could not have held the wheat crop sowed before the term expired March 1, 1920, for the same reason he cannot hold it now; that when the suit was begun the value of the crop could not have been included as an element of damages because the defendant had not yet converted it; that he has not yet converted it, but is simply trying to do so, its proceeds being in the hands of the court.

The defendant calls attention to the fact that the plaintiff's second cause of action was for the reasonable rental value of the land, and the third for damages for refusal to deliver possession. Counsel state that the judgment for five hundred dollars was paid to the clerk of the district court on January 19, 1920. They insist that the defendant was in possession when the wheat was sown and claimed the right as well when it was growing, harvested and marketed; that the plaintiff has waived his right to this action by having elected to sue for possession and that his measure of damages is the reasonable rental of the premises occupied by the defendant. They suggest that the crop sowed in 1919 was harvested and marketed before the trial in November, and that though the plaintiff might have pursued some other remedy he has already recovered all he is entitled to under the remedy he elected to pursue and there was no error in refusing the order to turn the money over to him. It is suggested that when the trial was had the wheat had become personal property and could not be treated as a growing crop on the premises and authorities are cited in support of this suggestion.

The plaintiff's theory seems to be that as the defendant sowed the wheat after he had received notice that the land had been sold he did so at his peril, and that the judgment had the effect of adjudicating the plaintiff's right to possession on March 1, 1919, and as the wheat was then growing on the land the judgment settled the plaintiff's right to it. The trouble with this theory is that the plaintiff alleged, proved and recovered damages against the defendant, for failure to surrender possession March 1, 1919, which the jury fixed at five hundred dollars, and when this verdict was reached the

wheat had been harvested and marketed and the proceeds turned into court. It would seem that the trial proceeded the same as if this had not been taken into consideration; or if it was, then the presumption is that the jury found the plaintiff's loss by reason of the wheat crop to be five hundred dollars, which would end the matter. If not, then the plaintiff should have amended his pleadings and had this matter included in the litigation. Having proceeded to judgment, and having taken no appeal therefrom, the judgment having been paid into court, he occupies the enviable attitude of one entirely successful in his litigation. If the judgment recovered was deemed too small to compensate for the crop raised, the plaintiff could have appealed, but he prayed for damages for withholding possession and recovered, and rested content therewith.

His subsequent motion to be paid $1,825.12 more was novel, to say the least, and its denial is deemed entirely proper.

The cause has been ably presented and while the situation shown by the record is interesting, we find no error, and the ruling is affirmed.